IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEYSTONE AUTOMOTIVE INDUSTRIES, INC. | : : : | |
| v. | : : | CIVIL ACTION NO. 21-0780 |
| ANTHONY J. GORGONE and TG AUTOMOTIVE LLC, ET AL. | : : | |

**McHUGH, J.**                                                                                           **October 29, 2021**

## MEMORANDUM

This is a commercial dispute in which the pending motion demonstrates once again how arbitration can intrude upon the orderly resolution of a case. Plaintiff is an employer suing former employees following their resignation and the formation of a competing company. Ironically, Plaintiff had drafted an arbitration agreement that would have encompassed its own claims, but eschewed arbitration and sued in this court with no objections from the Defendants. The parties engaged in motion practice and thereafter extended the deadline for Defendants' answer. Defendants have now asserted a counterclaim, to which Plaintiff has responded by moving to compel arbitration as to the counterclaim only. Although the result is in many ways anomalous, the strong policy favoring arbitration within the federal court system, the nature of the counterclaim, and lack of discovery or litigation related to the counterclaim, constrain me to hold that the agreement to arbitrate should be enforced.

**I. Factual and Procedural Background:**

In February 2021, Plaintiff employer Keystone Automotive Industries, Inc. ("Keystone") filed a complaint against Defendant Anthony Gorgone and TG Automotive for breach of fiduciary duty; aiding and abetting breaches of fiduciary duty; tortious interference with business; unfair

competition; unjust enrichment; violations of the Pennsylvania Uniform Trade Secrets Act and Defend Trade Secrets Acts; and civil conspiracy.  ECF 1.  Keystone initially sought a preliminary injunction, but later withdrew its motion.  ECF 2, 9.  In May 2021, Keystone amended its complaint to add the additional Individual Defendants, former Keystone employees now working for TG Automotive.  ECF 10.  Defendants then unsuccessfully moved to dismiss.  ECF 11, 15.  A case management order was entered, and discovery progressed, which included this Court's ruling on a motion to compel.  ECF 16.  On July 16, 2021, Defendants filed their answer to the amended complaint, raising a counterclaim for violation of the Fair Labor Standards Act (FLSA) for failure to pay overtime owed.  ECF 18.  Keystone then informally advised Defendants that it intended to invoke the existing arbitration agreement as to the counterclaim.  Defs.' Resp. Opp'n. Pl.'s Mot. Compel, ECF 24 at 13; Pl.'s Reply, ECF 25 at 5.  On August 6, 2021, Keystone filed an answer to Defendants' counterclaim, pleading arbitration as an affirmative defense.  ECF 21.  On August 24, 2021, the parties filed a joint stipulation seeking an extension of deadlines because of the counterclaim.  ECF 22 ¶ 7.

On September 8, 2021, Keystone moved to compel arbitration based upon a document all parties[1] signed during onboarding.  In relevant part, the Agreement states that:

> I, [Anthony Gorgone, Frank Bedo, Jason Latshaw, Joshua Norton, Robert Schell, Michael Shapiro and Junior A. Rodriguez] agree and acknowledge that the Company and I will utilize binding individual arbitration as the sole and exclusive means to resolve all disputes that may arise out of or be related in any way to my employment with LKQ Corporation or one of its subsidiaries or affiliates (the "Company"), including, but not limited to, the termination of my employment and my compensation . . .
>
> The Company and I each specifically waive and relinquish our respective rights to bring a claim against the other in a court of law, and this waiver shall be equally binding on any person who represents or seeks to represent me or the Company in

---

[1] Keystone is a wholly owned subsidiary of LKQ Corporation, which is the named party to the agreement. Pl.'s Am. Compl., ECF 10 at 2.  Defendants do not dispute that Keystone is covered by the arbitration agreement, and I therefore assume that it is for purposes of this motion.

2

> a lawsuit against the other in a court of law. Both the Company and I agree that any claim, dispute, and/or controversy that either I may have against the Company . . . or the Company may have against me shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act ("FAA"), before a neutral arbitrator, pursuant to the Employment Arbitration Rules of the American Arbitration Association . . .
>
> The FAA applies to this agreement because the Company's business involves interstate commerce. Included within the scope of this Agreement are all disputes, whether based on tort, contract, statute . . .

Pl.'s Mot. Compel Arbitration, ECF 23-2-8, at Exs. A-G.

## II. Standard of Review

"A party to a valid and enforceable arbitration agreement is entitled to a stay of federal court proceedings pending arbitration as well as an order compelling such arbitration." *Alexander v. Anthony Int'l, L.P.,* 341 F.3d 256, 263 (3d Cir. 2003). Where, as here, "it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay.'" *Guidotti v. Legal Helpers Debt Resolution, L.L.C.,* 716 F.3d 764, 776 (3d Cir. 2013) (internal citation omitted).[2] Here, Defendants do not dispute the existence of the underlying arbitration agreement or the applicability of it to their counterclaim, instead Defendants solely argue that Keystone has waived any right to compel arbitration by virtue of filing the original action in federal court. I therefore consider Defendants' motion under the well-established standard set forth in Federal Rule of Civil Procedure 12(b)(6), as elaborated in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

---

[2] Although Defendants did not attach the Arbitration Agreements to their counterclaim, consideration of the Agreements is appropriate because Defendants do not dispute their authenticity and the allegations in the counterclaim are based on the Defendants' employment relationship with Keystone, which is outlined in the Agreement. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993) ("We now hold that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

### III. Discussion

    A. There is a valid arbitration agreement which is enforceable.

The Federal Arbitration Act provides that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such conduct or transaction. . . shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. The FAA also requires courts to enforce valid arbitration agreements. *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.,* 489 U.S. 468, 478 (1989). A court considering a motion to compel arbitration must determine (1) whether a valid agreement to arbitrate exists under the FAA and (2) whether the particular dispute falls within its scope. *Trippe Mfg. Co. v. Niles Audio Corp.,* 401 F.3d 529, 532 (3d Cir. 2005). In determining the validity of the agreement under the FAA, "federal courts must look first to the relevant state law of contracts, here Pennsylvania."[3] *Spinetti v. Serv. Corp. Int'l,* 324 F.3d 212, 214 (3d Cir. 2003) (citing *First Options of Chi., Inc. v. Kaplan,* 514 U.S. 938, 944 (1995)).

First, I find that the parties entered into a valid arbitration agreement. *See ATACS Corp. v. Trans World Commc'ns, Inc.,* 155 F.3d 659, 666 (3d Cir. 1998) (applying Pennsylvania law to determine the enforceability of a contract by considering: "(1) whether both parties manifested an intention to be bound by the agreement; (2) whether the terms of the agreement are sufficiently definite to be enforced; and (3) whether there was consideration."). Here, all parties signed the agreements. ECF 23-2-8, at Exs. A-G. There is no indication that the parties did not intend to be bound by the agreement. The terms of the Agreement are definite and the Agreement expressly provides that the FAA applies. Finally, there was consideration. *See Blair v. Scott Specialty*

---

[3] Pennsylvania law applies as the agreement was formed there. *See First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995); *Nationwide Mut. Ins. Co. v. Walter,* 434 A.2d 164, 168 (Pa. Super. Ct. 1981). Both parties agree Pennsylvania law applies.

4

*Gases,* 283 F.3d 595, 603 (3d Cir. 2002) ("When both parties have agreed to be bound by arbitration, adequate consideration exists and the arbitration agreement should be enforced.").

Second, the FLSA counterclaim falls within the scope of the agreement. The agreement's broad language sweeps in "all disputes that may arise out of or be related in any way to my employment. . . including . . . my compensation" and specifically states it applies to statutory causes of action. This clearly covers the FLSA counterclaim for unpaid overtime. *See Battaglia v. McKendry,* 233 F.3d 720, 727 (3d Cir. 2000) (finding that when an arbitration clause provides for arbitration of all matters "arising under" or "arising out of" a particular agreement, the clause is typically construed broadly to suggest that a given dispute is arbitrable).

      B. <u>The parties have not waived the right of arbitration of the counterclaim.</u>

Although Defendants do not dispute the existence of a valid arbitration agreement under the FAA or the fact that their counterclaim is within the scope of the agreement, they argue that Keystone has waived any right it may have had to compel arbitration through its litigation conduct.

The Federal Arbitration Act, 9 U.S.C. § 1, et seq., establishes a policy in favor of arbitration that requires the liberal reading of arbitration agreements and the resolution of any doubts in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). Parties may nevertheless waive their right to arbitration through their litigation conduct, but waiver of the right to compel arbitration is not to be inferred lightly. *Great W. Mortgage Corp. v. Peacock*, 110 F.3d 222, 232 (3d Cir. 1997). Prejudice is the touchstone for evaluating an asserted waiver of the right to compel arbitration. *Hoxworth v. Blinder, Robinson, & Co.*, 980 F.2d 912, 925 (3d Cir. 1992). In determining prejudice, the court considers the following non-exclusive list of factors:

> [1] the timeliness or lack thereof of a motion to arbitrate ... [; 2] the degree to which the party seeking to compel arbitration [or to stay court proceedings pending arbitration] has contested the merits of its opponent's claims; [3] whether that party has informed its adversary of the intention to seek arbitration even if it has not yet

5

>filed a motion to stay the district court proceedings; [4] the extent of its non-merits motion practice; [5] its assent to the [trial] court's pretrial orders; and [6] the extent to which both parties have engaged in discovery…

*Ehleiter v. Grapetree Shores, Inc.,* 482 F.3d 207, 222–23 (3d Cir. 2007) (citing *Hoxworth,* 980 F.2d at 926-27).

Analysis of the *Hoxworth* factors here weighs against finding waiver. Defendants' strongest argument is that seven months have elapsed since Keystone's initial complaint was filed during which Keystone had taken advantage of the federal forum without invoking arbitration. At first glance, it seems unfair to permit the Plaintiff here to seek arbitration of a claim it is defending, while not arbitrating claims it is bringing. Addressing the issue of waiver, the Seventh Circuit Courts of Appeals has held that "an election to proceed before a nonarbitral tribunal for the resolution of a contractual dispute is a presumptive waiver of the right to arbitrate." *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir. 1995); *see also Duferco Steel Inc. v. M/V Kalisti*, 121 F.3d 321, 326 (7th Cir. 1997) ("Having been sued . . . in federal court, [defendant] was entitled to rely on [plaintiff's] waiver of its right to arbitrate."). But, as discussed below, numerous other factors here lead to a different result.

Defendants waited nearly five months into this litigation before they filed the counterclaim at issue. Their own delay in bringing the counterclaim effectively offsets the prejudice that might have been ascribed to Keystone's decision to waive arbitration as to its affirmative claims. Once the counterclaim was asserted, Keystone promptly moved to compel arbitration, filing an answer that included a defense based on arbitration within 21 days (ECF 21), a joint stipulation that stated it anticipated filing a motion to compel arbitration within 39 days (ECF 22), and this motion to compel within 54 days (ECF 23). In short, Keystone moved promptly to assert its arbitration rights as soon as the matter became ripe. This timeframe is consistent with cases in which the courts

have refused to find waiver, as demonstrated by comparing the length of the delay in cases finding waiver, *e.g. Ehleiter*, 482 F.3d at 223 (four years); *Hoxworth*, 980 F.2d at 925 (11 months), with the delay in cases declining to find waiver. *E.g. Palcko v. Airborne Express, Inc.,* 372 F.3d 588, 598 (3d Cir. 2004) (38 days); *Wood v. Prudential Ins. Co. of Am.,* 207 F.3d 674, 680 (3d Cir. 2000) (1 ½ months); *PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1069 (3d Cir. 1995) (two months); *Gavlik Constr. Co. v. H.F. Campbell Co.,* 526 F.2d 777, 783-84 (3d Cir.1975), *abrogated on other grounds* by *Zosky v. Boyer*, 856 F.2d 554 (3d Cir. 1988) ("immediately" after removing the action to federal court).

The nature of the counterclaim has substantial significance. The wage claim brought by Defendants is separate from and unrelated to the claims brought by Plaintiff, and Plaintiff is correct that it is properly characterized as non-compulsory.[4] Defendants do not argue that their counterclaim is compulsory. Rather, Defendants emphasize the extent of proceeding to this point, arguing that "Plaintiff filed numerous pleadings, engaged in discovery and appeared at a pre-trial conference over the course of 7 months without any indication whatsoever of an intention to arbitrate." ECF 24 at 11. But Plaintiff cannot be faulted for failing seek arbitration of a distinct claim that Defendants had not yet asserted, and none of the issues litigated before the Court bear upon the counterclaim.

---

[4] *See e. g. Wagner v. E. Growers Ass'n*, No. CIV. A. 91-3714, 1991 WL 198557, at *2 (E.D. Pa. Sept. 30, 1991) (finding that FLSA claim and failure to repay loan counterclaim would "present entirely different legal, factual, and evidentiary questions"); *Wilson v. Wings Over Happy Valley MDF*, LLC, No. 4:17-CV-00915, 2018 WL 437385, at *4 (M.D. Pa. Jan. 16, 2018) (noting that "the fact that the [FLSA collective action] claims and [fraud, negligent misrepresentation, intentional misrepresentation, and breach of duty of loyalty] counterclaims arose in the context of one employment relationship . . . is not alone sufficient to make the counterclaims compulsory.")

Defendants also seize upon the filing of an answer to the counterclaim as constituting a waiver, but the answer specifically raised a defense based upon arbitration. ECF 21, Twelfth Affirmative Defense. By itself, filing an answer is not enough to waive arbitration. *See Hoxworth*, 980 F.2d at 925 ("'[m]erely answering on the merits, asserting a counterclaim (or cross-claim) or participating in discovery, without more, will not necessarily constitute a waiver'") (quoting *Gavlik,* 526 F.2d at 783); *Kwalick v. Bosacco,* 478 A.2d 50, 52 (Pa. Super. Ct. 1984) ("[T]he mere filing of a complaint or an answer without resulting prejudice to the objecting party will not justify a finding of waiver of the right to arbitration.").

The discovery conducted to date, including a motion to compel, is not a basis for finding waiver, as it was unrelated to the counterclaim. Defendants describe that discovery as extensive, consisting of multiple sets of interrogatories and requests for production resulting in an exchange of over 3800 pages of documents and the service of subpoenas on non-parties. ECF 24 at 9. But this discovery, including resolution of a motion to compel, was pursued prior to the filing of the counterclaim. Defendants' argument is undermined by the Joint Stipulation, filed in August 2021, which states that "[t]he parties have not, however, begun discovery on the Individual Defendants' FLSA counterclaim and Keystone anticipates filing a Motion to Compel Arbitration on the Individual Defendants' FLSA counterclaim, which will require briefing and a decision from the Court." ECF 22 ¶ 6. And though Defendants summarily assert that compelling arbitration will result in duplicative discovery, they provide no examples or explanation as to why that is the case. With respect to orderly case management, the parties agreed to pretrial orders and mutually sought revised discovery schedules. Indeed, the only requested scheduling change since the filing of the counterclaim was a joint stipulation extending deadlines because the counterclaim had been raised. ECF 22 ¶7.

Finally, Defendants fail to demonstrate actual prejudice. A global assertion that arbitration will be costly, burdensome, and inefficient, does not suffice given the posture of this case. If the legal and factual issues raised by the counterclaim intersected with the claims brought by Plaintiff, Defendants would have a strong basis on which to oppose separate arbitration. On the record here, they do not.

The strong policy in favor of arbitration compels this result. Ironically, Defendants could have invoked the arbitration provision at the inception of this action. Their election not to do so does not limit the rights of the other party to the agreement where the newly raised claim is legally and factually distinct and has not yet been the focus of litigation in this court.

### IV. Conclusion:

For the reasons set forth above, Plaintiff's Motion to Compel Arbitration will be granted. An appropriate order follows.

                                                          /s/ Gerald Austin McHugh
                                                         United States District Judge